UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:17CR293-20 BSM |
| | ) | |
| BRITTANIE N. HANDLEY | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Liza Jane Brown, Assistant United States Attorney, requests that the Court deny defendant's motion for early termination of supervised release.

On September 3, 2019, the Grand Jury for the Eastern District of Arkansas returned a Second Superseding Indictment charging the defendant with conspiracy to possess with intent to distribute 5 grams or more, but less than 50 grams, of methamphetamine actual.  On January 10, 2020, the defendant entered a plea of guilty to conspiracy to distribute and possess with intent to distribute at least 5 grams of methamphetamine actual, as set forth in Count 10 of the Superseding Indictment.

On January 11, 2023, the defendant was sentenced to 90 days imprisonment with credit for 90 days, being a time served sentence and 3 years of supervised release.  The United States has consulted with United States Probation Officer Brenna Cross and confirmed that the defendant has fulfilled all the conditions of her supervised release, has maintained sobriety, employment and a residence and there are no issues of noncompliance; the probation office recommends early termination.

Pursuant to 18 U.S.C. § 3583(e), the Court may, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

As to the factors set forth in 18 U.S.C. § 3553(a), the offense to which the defendant pled guilty is a serious offense, in that the defendant was involved in a large-scale methamphetamine drug trafficking organization where Handley provided addresses to Darlene Walker for Walker to ship pound quantity packages of methamphetamine to the Russellville, Arkansas area. When the packages arrived, Handley, and others, picked them up and delivered them back to Walker. Moreover, Handley was also involved in the distribution of methamphetamine.

In addition to reflecting the seriousness of the offense, the sentence should afford adequate deterrence to criminal conduct, protect the public from further crimes, promote respect for the law and provide just punishment.  The defendant has completed approximately 20 months of her 36 months of supervised release.  Being supervised by the United States Probation Office provides punishment for the offense, deters criminal conduct, and promotes respect for the law, as the defendant is required to conform her conduct to the law or risk revocation of her supervised release.

Importantly, defendant does not explain why the early termination of probation/supervised release would serve the interest of justice.  Although the requirements of probation are undoubtedly inconvenient, such requirements do not appear to impose any "unusual hardship" upon this defendant. *United States v. Kattom*, Case No. 4:06CR00053-06

JLH, 2009 WL 3783783, *1 (E.D. Ark. Nov. 10, 2009) (unpublished) (denying motion for early termination of probation because defendant "presented nothing to show that completion of his term of probation will present some unusual hardship" and presented no changed circumstances). *See also United States v. John Michael Glover*, 4:12CR00162 KGB, Docket No. 25 (E.D. Ark. July 29, 2014); *United States v. Nicholas Anthony Norman*, 4:10CR00059 JLH, Docket No. 45 (E.D. Ark. April 22, 2013).

"Mere compliance with the terms of probation does not justify early termination because compliance is expected. Without more, early termination cannot be justified." *Id.* (citing *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)). "[T]here is a general agreement that the early termination of probation . . . is only warranted in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior." *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) (citing cases) (noting that the defendant was not entitled to a hearing pursuant to Federal Rule of Criminal Procedure 32.1 because the Court did not intend to revoke or modify the probationary sentence originally imposed). Defendant has not set forth any new or exceptional circumstances to justify early termination of supervised release.

Here, defendant already received a significant benefit by the plea agreement and by the Court's decision to give her a time served sentence, followed by 3 years of supervised release. At the time of sentencing, the Court concluded that the three-year term of supervised release was appropriate considering the factors set forth in 18 U.S.C. § 3553(a). The United States contends that there has been no change in circumstance to alter that determination and requests that the Court deny defendant's motion.

WHEREFORE, the United States respectfully requests that the Court deny the defendant's motion for early termination of supervised release.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

By: LIZA JANE BROWN
BAR # AR 2004183
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR  72203
(501) 340-2600
Liza.Brown@usdoj.gov